## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AXEL GARCIA,<br>　　　　　Plaintiff,<br>v.<br>BRENNAN TREE SERVICE,<br>and<br>SEAN BRENNAN,<br>　　　　　Defendants. | CIVIL ACTION<br><br>No. 2:17-cv-01713 |

### JOINT PROPOSED CONSENT ORDER

This Consent Order is entered into between Plaintiff Axel Garcia ("Plaintiff") and Sean Brennan and Brennan Tree Service (collectively "Defendants").

1. On April 18, 2017, Plaintiff filed a complaint alleging violations of the federal Fair Labor Standards Act, 29 U.S.C. § 207 (the "FLSA") and the Pennsylvania Minimum Wage Act, 43 P.S. § 333.104(c).

2. Both Parties have conferred and have reached amicable resolution in the above-captioned case.

3. There is jurisprudence that confirms that there can be no private waivers or agreements to waive FLSA minimum wage or overtime entitlement(s). *See Brooklyn Savings Bank v. O'Neal*, 324 U.S. 697 (1945); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946).

4. In *Gangi*, the United States Supreme Court indicated, in dicta, that there is a distinction between an unsupervised agreement and a stipulated judgment.

5. Following *Gangi*, courts have held that if an employee brings an action for back wages under the FLSA, the court may enter a stipulated consent judgment with the consent of the

Parties. *See e.g. Barron v. Interactive Clinical Technologies, Inc.*, 04-CV-03938, E.D. P.A. (wherein the Honorable Anita B. Brody, U.S.D.J. entered a stipulated consent judgment to resolve an overtime claim); *see also Opielski v. The Kamson Corporation, d/b/a Grandview Apartments*, 08-CV-627 (wherein the Honorable Berle M. Schiller, U.S.D.J. entered a stipulated consent judgment); *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (federal district court stipulated judgment) (citing *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947)).

6. Accordingly, there are only two (2) ways that FLSA rights can be compromised and waived: (1) through a United States Department of Labor supervised settlement; or (2) pursuant to a Consent Order approved and entered by a court of competent jurisdiction.

7. Plaintiff alleges he worked for Defendants in July 2016.

8. Defendant disputes both liability and the calculation of damages assuming liability exists. Defendant agrees to resolve this dispute in part for Plaintiff's release and waiver of any and all claims related to minimum wage, overtime or other wage payments against Defendants. Plaintiff agrees that valid consideration exists for Plaintiff's release and waiver of such claims.

9. Defendant has offered Plaintiff valuable consideration to settle his claims and as consideration for Plaintiff's release and waiver of claims, a sum that includes alleged unpaid wages and a component for Plaintiff's attorney's fees. Plaintiff has accepted this offer of settlement, and both Parties find the settlement to be reasonable. Defendant and Plaintiff have fully executed a settlement agreement as evidence of their agreement of same.

10. Defendant denies any violation of the FLSA or the Pennsylvania Minimum Wage Act and do not admit liability under any state or federal statute. Neither Defendants' agreement

to the terms of this Consent Order nor any other action taken in connection with this Consent Order constitutes any admission by Defendants of any violation of law, duty or obligation.

11. Plaintiff and Defendants agree that, in order to conserve time and expense, Plaintiff's claims should be resolved without further litigation. Therefore, Plaintiff and Defendant have waived an adjudication on the merits and have consented to the entry of this Order, subject to Court approval as provided herein.

HAVING CONSIDERED THE PARTIES REPRESENTATIONS AS SET FORTH ABOVE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

12. The Parties stipulate and the Court finds that the Court has jurisdiction over the claims in this action.

13. Plaintiff and Defendants have executed a settlement agreement and release releasing, among other claims, all claims by Plaintiff against Defendants related to the payment of wages.

14. The Court has reviewed the terms of the agreement reached by the Parties to settle Plaintiff's FLSA claims and his corresponding Pennsylvania Minimum Wage Act claims and finds that it provides a fair, just and reasonable resolution of such claims as asserted in the Complaint.

15. The Parties to this Consent Order shall endeavor in good faith to resolve informally any difference regarding interpretation of and compliance with this Order, prior to bringing such matters to the Court for resolution.

16. This Consent Order and attached Negotiated Settlement Agreement and Release set forth the entire Agreement between the Plaintiff and Defendants.

| ON BEHALF OF PLAINTIFF | ON BEHALF OF DEFENDANTS |
|---|---|
| Community Legal Svcs. Of Philadelphia | Dion & Goldberger |
| 1424 Chestnut Street | 1845 Walnut Street, Suite 1199 |
| Philadelphia, PA 19102-2505 | Philadelphia, PA 19103 |

By: _____
Seth P. Lyons

Dated: December 13, 2017

By: _____
Samuel A. Dion

Dated: December 13, 2017

_____
HON. HARVEY BARTLE III
*U.S. District Court Judge*

Dated: December 15, 2017

4

## SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** ("Agreement") is entered into this 13 day of December, 2017, by and between Sean Brennan and Brennan Tree Service (hereinafter "defendants") and Axel Garcia ("Garcia"), (collectively, the "Parties").

**WHEREAS,** Garcia, through his counsel, brought lawsuit against defendants before in the United States District Court for the Eastern District of Pennsylvania, docketed as No. 17-cv-1713 (the "lawsuit") claiming that he was owed minimum wage and overtime pay pursuant to the Fair Labor Standards Act and other laws;

**WHEREAS,** Defendants has denied and continues to deny each and every claim and allegation made by Garcia, including, but not limited to those in the lawsuit, and by entering into this Agreement makes no admission of wrongdoing or liability; and

**WHEREAS,** the Parties desire to resolve fully and finally any and all disputes, including but not limited to those in the lawsuit, in an amicable manner without the difficulties and expenses involved in litigation;

**NOW, THEREFORE,** the Parties, intending to be legally bound and for good and sufficient consideration agree as follows:

1. **Consideration.**

    (a) In exchange for Garcia's promises and releases as set forth in this Agreement, defendants will pay or cause to be paid to Garcia a gross settlement amount of FIVE THOUSAND DOLLARS AND ZERO CENTS ($5,000.00), payable in two (2) checks as follows (collectively deemed the "Gross Settlement Payment"):

    (i) A settlement check, made payable to Garcia in the amount of Three Thousand Five Hundred Dollars and Zero Cents ($3,500.00) (payment of this amount will be reflected in an IRS Form 1099); and

    (ii) A settlement check, made payable to Garcia's counsel, "Community Legal Services, Inc." ("Garcia's Counsel"), in the amount of One Thousand Five Hundred Dollars and Zero Cents ($1,500.00), for attorney's fees and costs (payment of this amount will be reflected in IRS Form 1099 to payee Community Legal Services, Inc.).

    (b) In exchange for the consideration set forth herein, Garcia agrees that he will not seek re-employment with defendants or the Releasees in the future.

    (c) Garcia agrees that he has been given the opportunity to receive independent legal advice regarding his tax obligations with regard to the Gross

Settlement Payment and has not relied on any representations of Releasees or their counsel on the subject. Garcia hereby agrees to indemnify Releasees for any tax liability or consequences that result Plaintiff's failure to properly report the correct amount of income and/or employment taxes from the payments made pursuant to this agreement, including reasonable attorneys' fees.

(d) The sum referred to in paragraph 1(a) shall be paid within thirty (30) days following the United States District Court for the Eastern District of Pennsylvania's (the "Court") entry of a Consent Order approving this settlement and waiver of claims provided counsel for Defendants receives the Agreement signed by Plaintiff, and IRS Forms W-9 properly completed by Plaintiff and Plaintiff's counsel.

(e) Garcia agrees that this Agreement resolves any claims he has asserted or may assert against defendants or Releasees. Garcia agrees not to voluntarily participate in, induce, aid or abet any claims (except as expressly set forth below in Paragraph 3(c)) against Releasees based on any event which took place prior to the signing of this Agreement, provided, however, that he is not prevented from testifying in any cause of action when required to do so by process of law. Garcia affirms that there are no currently pending claims by him against Releasees other than the lawsuit. In the event that there are any other outstanding claims, Garcia agrees to seek their immediate withdrawal and dismissal with prejudice.

2. **No Consideration Absent Execution of this Agreement**. Garcia understands and agrees that he would not receive the benefits specified in Paragraph 1 above, except for his execution of this Agreement and the fulfillment of the promises contained herein.

3. **Release of Claims for Wages and Other Compensation**.

(a) Garcia knowingly and voluntarily releases and forever discharges defendants, its heirs, parents, affiliates, subsidiaries, divisions, their predecessor companies, their respective successors and assigns, and the current and former employees, attorneys, direct and indirect shareholders, members, limited partners, owners, officers, insurers and their respective officers, employees, directors and agents thereof (collectively referred to throughout this Agreement as "Releasees"), of and from any and all claims, demands, liabilities, obligations, promises, controversies, damages, rights, actions and causes of action, known and unknown, which Garcia has or may have against Releasees as of the date of execution of this Agreement, examples include, but are not limited to, any alleged violation of:

- The Fair Labor Standards Act;
- The Equal Pay Act;
- All other Federal Wage Statutes;
- Pennsylvania Wage Payment and Collection Law;
- Pennsylvania Minimum Wage Act of 1968;
- Pennsylvania Prevailing Wage Act;
- All other Pennsylvania Wage Statutes;
- California Wage and Hour Laws;

Page 2 of 5

- All other California Wage Payment Statutes;
- California Prevailing Wage Laws;
- All other applicable Wage enforcement laws from any other state, municipality or government;
- All Contractual Claims regarding payment of wages or other compensation; and
- All other claims at law or in equity to enforce wages or other compensation.

All of the above collectively referred to as "Claims." This is not intended to be a general release by Garcia of all claims against Releasees not mentioned herein.

(b) Notwithstanding the foregoing, the release set forth in Paragraph 3(a) is not intended to cover and does not release any claims that cannot be released by law.

(c) Notwithstanding anything in this Agreement to the contrary, the release set forth in Paragraph 3(a) does not and is not intended to prevent, restrict, or otherwise interfere with Garcia's right to: (i) file a charge or complaint with any appropriate federal, state or local agency or court; (ii) testify, assist, participate in, or cooperate with the investigation of any charge or complaint pending before or being investigated by such agency or court; or (iii) enforce this Agreement.

(d) If an administrative agency or court assumes jurisdiction over any charge or complaint involving claims that are released by Paragraph 3(a) of this Agreement, Garcia hereby agrees to not, directly or indirectly, accept, recover or receive any resulting monetary damages or other equitable relief that otherwise would be due and Garcia hereby expressly waives any rights to any such recovery or relief.

4. **Non-Solicitation**. Garcia agrees not to solicit other individuals to file a lawsuit or make a claim against the Company for unpaid wages or compensation.

5. **Non-Disparagement**. The parties agree that, except as compelled by process of law, they shall not, in writing or orally, or through conduct, disparage, deprecate, discredit, vilify or otherwise say anything negative about other parties to this Agreement or Releasees. These prohibitions include, without limitation, any such statements made through use of social media sites, such as Facebook or Twitter. If any such statements are in existence at the time this Agreement is entered into between the parties, such statements will be immediately removed and/or deleted.

6. **Anti-Retaliation Provision**. Defendants agree that they will not report or threaten to report Garcia to any government agency, including, but not limited to, Immigration and Customs Enforcement, United States Citizenship and Immigration Services, or any other law enforcement agency.

7. **Governing Law and Interpretation**. This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania without giving effect to the principles of conflicts of law. The Parties hereby consent and submit to the

jurisdiction of the United States District Court for the Eastern District of Pennsylvania or the Court of Common Pleas of Bucks County, Pennsylvania for the purposes of any claim, dispute, or action arising out of or relating to this Agreement and hereby waives any defense of an inconvenient forum or improper jurisdiction.

8. **No Admission of Wrongdoing**. The Parties agree that neither this Agreement nor the furnishing of the consideration for this Release shall be deemed or construed at any time for any purpose as an admission by Releasees, or evidence of any liability or improper conduct of any kind.

9. **Amendment**. This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

10. **Entire Agreement**. No prior or contemporaneous oral or written agreements or representations may be offered to alter the terms of this Agreement which represents the entire agreement of the Parties with respect to the subject matter hereof.

11. **Signatures**. This Agreement may be executed in counterparts, any such copy of which to be deemed an original, but all of which together shall constitute the same instrument.

12. **Assignment**. Defendants have the right to assign this Agreement, but Garcia does not. This Agreement inures to the benefit of the successors and assigns of defendants, who are intended third party beneficiaries of this Agreement.

13. **Breach**.

(a) It is understood and agreed that Releasees expressly rely upon the promises, representations, and warranties made by Garcia in this Agreement; that any breach of such promises, representations and warranties would constitute a material breach of this Agreement; and that in the event of any such breach, Releasees shall be entitled to any and all of the following relief: (i) the indemnification and hold harmless protection set forth in Paragraph 1 above; (ii) specific enforcement of all promises and undertakings made by Garcia hereunder; (iii) all other relief and damages available at law or in equity; (iv) recovery of reasonable attorneys' fees and costs by Releasees.

(b) It is understood and agreed that Garcia expressly relies upon the promises, representations, and warranties made by Releasees in this Agreement; that any breach of such promises, representations and warranties would constitute a material breach of this Agreement; and that in the event of any such breach, Garcia shall be entitled to any and all of the following relief: (i) specific enforcement of all promises and undertakings made by Releasees hereunder; (ii) all other relief and damages available at law or in equity; and (iii) recovery of reasonable attorneys' fees and costs by Garcia.

**GARCIA AGREES THAT HE HAS BEEN REPRESENTED THROUGHOUT THE SETTLEMENT PROCESS BY AN ATTORNEY AND IS HEREBY ADVISED TO CONTINUE TO CONSULT WITH AN ATTORNEY OF HIS CHOICE PRIOR TO EXECUTION OF THIS AGREEMENT.**

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE CONSIDERATION SET FORTH IN PARAGRAPH 1 ABOVE, GARCIA FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE THE CHARGE AND ALL OTHER RELEASABLE CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASEES.**

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Date: 12-13-17

AXEL GARCIA
*Plaintiff*

Date: 12-11-17

SEAN BRENNAN
*On behalf of himself, Brennan Tree Service and Releasees*